OPINION
This is an appeal from a decision of the Richland County Court of Common Pleas, Juvenile Division, wherein appellant was found guilty after a trial to the court of aggravated robbery with a gun specification resulting in a determination of delinquency.
 STATEMENT OF FACTS
The facts produced by the State's witnesses were to the effect that Freddie Gordon, age 17, was in possession of his mother's pager on June 24, 2000 and that appellant approached him on the street from behind, brandished a gun and took the pager.
During trial certain inconsistencies and failure of memory occurred as to some of the State's witnesses.
Appellant testified that an unknown third person perpetrated the crime and certain inconsistencies in his testimony were found by the trial court.
At the conclusion of presentation of the evidence the trial court made the following findings of fact:
 1. The defendant was at the crime scene when the robbery occurred.
 2. The defendant, after his offer to buy was rejected, followed the victim from behind.
 3. The defendant's claim of wanting to see the pager a second time just to see it, lacks credibility or rational reason, except to steal it.
 4. The defendant's inconsistency of detail demonstrates lack of credibility.
 5. No reason exists in the record to demonstrate a motivation as to why the victim would falsely accuse the defendant.
 6. Sufficient evidence of statements made to the detective, although later denied by the declarant, which statements corroborated the victim's claim, may give rise to the inference, within the context of all the evidence, that defendant committed the crime.
The sole Assignment of Error is whether:
 ASSIGNMENT OF ERROR THE EVIDENCE PRESENTED BY THE STATE OF OHIO AT ADJUDICATION WAS SUFFICIENT AS A MATTER OF LAW TO SUSTAIN A CONVICTION AGAINST THE APPELLANT.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Based upon the facts noted supra, and the entire record, we do not find the trial court's verdict was against the manifest weight of the evidence. The Judge was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was sufficient, competent evidence to support the Judge's finding.
Therefore, the appellant's Assignment of Error is overruled and this cause is affirmed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Common Pleas Court, Juvenile Division, Richland County, Ohio is affirmed. Costs to Appellant.
Hon. William B. Hoffman, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.